UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY ROWELL, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02211-JMS-MPB ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, the motion of Jerry Rowell, Jr., for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

On February 7, 2017, a grand jury returned an indictment against Mr. Rowell. *United States v. Rowell*, No. 1:17-cr-00015-JMS-DML-1 (hereinafter "Crim. Dkt."), dkt. 10. The indictment charged Mr. Rowell with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) ("Count 1"), one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2)", and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). Crim. Dkt. 10.

In January 2018, Mr. Rowell executed a petition to enter plea of guilty and plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. 32. In this plea agreement, he agreed to plead guilty to Count 1 and Count 2 in exchange for the dismissal of Count 3. *Id.* at ¶¶ 1, 2. He stipulated to the following facts as part of his guilty plea:

> a. On approximately 2:00 p.m. on Monday, January 23, 2017, [Mr. Rowell] entered the GameStop located at 3269 W. 86th Street in Indianapolis, Indiana, a location within the Southern District of Indiana. [He] was wearing a Nike sweatshirt with orange writing, blue jeans, and white gloves with gray palms. He pointed a black handgun at the GameStop employee, obtained approximately $876 from the cash register drawers, told the employee to get down on the ground behind the counter, and then left the store. [He] then walked to a blue Pontiac Grand Prix waiting in the parking lot, got into the driver's seat, and departed the parking lot in the car.
> b. [Mr. Rowell] was stopped by uniformed law enforcement officers in marked police vehicles near 4120 Patricia Street in Indianapolis, Indiana, as he departed the blue Pontiac Grand Prix. In the vehicle, officers located the loaded black Smith & Wesson .40-caliber handgun with an extended magazine that the defendant had used to rob the GameStop. They also located the money stolen from the GameStop, the stack of which also contained a GPS tracker from the store. IN the trunk of the vehicle, officers located the sweatshirt [Mr. Rowell] had worn.
> c. [Mr. Rowell] does not dispute that the GameStop was engaged in the operation of a retail store that was open to the public in interstate commerce and in an industry that affects interstate commerce and that the robbery affected interstate commerce in some way or degree. [He] acknowledges that the employee of the GameStop surrendered the money in the case registers to him because of the threats [he] made in pointing a firearm at the employee.

*Id.* at ¶ 12.

Mr. Rowell's plea agreement also outlined the potential penalties and elements of both Count 1 and Count 2. *Id.* at ¶ 1. For Count 1, it stated that the maximum sentence was 20 years' imprisonment, and for Count 2, it stated that the potential penalty was at least seven years' and up to life imprisonment. *Id.* at ¶ 1(a)(i); 1(b)(i). It outlined that the term of imprisonment for Count 2 "must be served consecutively to any other sentence imposed in this case." *Id.* at ¶ 1(b)(i). With respect to Count 2, the plea agreement identified the elements as "(1) The defendant committed the elements of a crime of violence prosecutable in federal court (in this instance, the robbery in Count [1]); (2) the defendant knowingly used, carried, or possessed a firearm; and (3) the use or carrying of the firearm was during and in relation to the defendant's crime of violence." *Id.* at ¶ 1(b)(ii).

The plea agreement described the rights Mr. Rowell waived by pleading guilty, including the right to appeal. *Id.* at ¶ 7; *see also id.* at ¶ 18. It also stated that the parties agreed to a 111-month term of imprisonment. *Id.* at ¶ 8(a).

Mr. Rowell declared that he read and discussed the indictment with his attorney, that he read and understood his entire plea, that he discussed his entire plea with his attorney, and that no officer or agent of the United States made any additional promises to him outside of the plea agreement. *Id.* at ¶ 23(a)-(d); *see also id.* at ¶ 25. Moreover, he agreed that he was satisfied with counsel's representation during all phases of his case and that counsel effectively counseled and assisted him. *Id.* at ¶ 23(e). Finally, Mr. Rowell acknowledged that he made "no claim of innocence" and that he was "freely and voluntarily pleading guilty." *Id.* at ¶ 23(f).

On May 30, 2018, the Court conducted a change of plea and sentencing hearing for Mr. Rowell. Crim. Dkt. 43 (minute entry); Crim. Dkt. 50 (transcript). At the hearing, Mr. Rowell admitted that he received a copy of the indictment, that he discussed the charges and the case with

his counsel, and that he was "fully satisfied" with the advice given to him by counsel. Crim. Dkt. 50 at 5-6. He affirmed that he had read the plea agreement and discussed it with counsel prior to signing it and that the plea agreement was the complete agreement made with the United States. *Id.* at 6. He also confirmed that he understood the terms of the agreement. *Id.* at 6-7. Finally, Mr. Rowell stated that he pleaded guilty of his own free will and because he was guilty. *Id.* at 7.

The Court next explained the elements of each offense to which Mr. Rowell was pleading guilty and informed him of the maximum penalties for each offense. *Id.* at 7-9. With respect to Count 2, the Court explained that the penalty was a "sentence of at least seven years and up to life imprisonment, which term of imprisonment must be served consecutively to any other sentence imposed in the case." *Id.* at 8. Mr. Rowell indicated that he understood all this information. *Id.* at 7-9. The Court went on to explain that, if it accepted the plea agreement, it would sentence Mr. Rowell as provided in the plea agreement which set the term of imprisonment at 111 months. *Id.* at 9-10; *see also* Crim. Dkt. 32 at ¶ 8.

Thereafter, the Court reviewed the factual basis included in the plea agreement, and Mr. Rowell agreed to the facts as provided in the plea agreement. Crim. Dkt. 50 at 16. While reviewing the United States Sentencing Guidelines, the Court discussed the range of imprisonment applicable to Mr. Rowell's offenses and again informed Mr. Rowell that the penalty for Count 2 "involve[d] a minimum of seven years" that would run after any sentence for Count 1. *Id.* at 17-18. Mr. Rowell did not object to this information, but rather stated that he understood. *Id.* at 18. Mr. Rowell also did not object to or question the Court's explanation that he was relinquishing his right to appeal his conviction and sentence on any ground. *Id.* at 19-21. He confirmed that he believed his counsel "did a great job" and that the waiver of his appellate rights was knowing and voluntary. *Id.* at 20-21.

4

Finally, Mr. Rowell affirmed that he understood the consequences of his plea and plea agreement and pleaded guilty. *Id.* at 22. The Court concluded that Mr. Rowell was "fully competent and capable of entering an informed plea, that he [was] aware of the nature of the charges and the consequences of the plea, [and] that the plea of guilty [was] a knowing and voluntary plea, supported by an independent basis in fact." *Id.* It then accepted Mr. Rowell's guilty plea and found him guilty of Count 1 and Count 2. *Id.* at 22-23.

After finding Mr. Rowell guilty of Count 1 and Count 2, the Court proceeded to the sentencing phase of the hearing. Mr. Rowell's counsel recognized the possibility of arguing for a lesser term of imprisonment on Count 1 given the mandatory minimum seven-year term of imprisonment applicable to Count 2 but conceded that the robbery "was a very scary incident for the [GameStop employee]." *Id.* at 26.  Counsel then asked the Court to accept the sentence agreed to in the plea agreement. *Id.* at 28. The Court sentenced Mr. Rowell to an aggregate term of 111 month' imprisonment to be followed by a three-year term of supervised release. *Id.* at 30-31; *see also* Crim. Dkt. 44. Before concluding the hearing, the Court asked Mr. Rowell if he had any questions concerning his appellate rights or his waiver of those rights, and Mr. Rowell said he did not. Crim. Dkt. 50 at 32.

Mr. Rowell did not appeal his conviction or sentence, but on June 3, 2019, he filed a motion to vacate under § 2255. Dkt. 1. The United States has responded, dkt. 9, and Mr. Rowell did not file a reply.

### III. Discussion

Mr. Rowell argues that he is entitled to relief because he received ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense.

5

*Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). The *Strickland* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The first inquiry is whether counsel's performance was constitutionally deficient. *Delatorre*, 847 F.3d at 845. This means a petitioner must show that trial counsel's performance "fell below an objective standard of reasonableness" measured by prevailing professional norms. *Strickland*, 466 U.S. at 688. The "central question" is "whether an attorney's representation amounted to incompetence under prevailing professional norms." *Delatorre*, 847 F.3d 845 (internal quotation marks and citations omitted). "An appellate counsel's performance is deficient if she fails to argue an issue that is both obvious and clearly stronger than the issues raised." *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010). "[C]ounsel is not required to raise every nonfrivolous issue on appeal." *Id.*

Second, a petitioner must show that he was prejudiced by the deficiency of counsel. *Delatorre*, 847 F.3d at 845. This means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To establish prejudice arising from ineffective assistance of appellate counsel, a petitioner "must show that there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown*, 598 F.3d at 425.

Mr. Rowell presents several challenges to the effectiveness of trial counsel's representation. He alleges that counsel was ineffective in the following ways: (1) counsel failed to object when Mr. Rowell was given the mandatory minimum sentence of seven years' imprisonment for

brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (2) counsel failed to object when Mr. Rowell's conviction of Hobbs Act robbery was used as a "crime of violence" for purposes of § 924(c); (3) counsel waived Mr. Rowell's appellate rights without his knowledge; (4) counsel failed to raise a vagueness objection when the Hobbs Act robbery offense was applied for purposes of the § 924(c) conviction; and (5) counsel failed to advise Mr. Rowell about any potential argument that Hobbs Act robbery is not a crime of violence. *See* dkts. 1, 2.

### A. Section 924(c) Conviction

Mr. Rowell first contends that counsel provided ineffective assistance when she failed to object to the seven-year sentence applicable to a conviction under 18 U.S.C. § 924(c)(1)(A)(ii) because Mr. Rowell pleaded guilty to a violation of § 924(c)(1)(A)(i) which carries a mandatory minimum sentence of five years. *See* dkt. 2 at 4-5.

Counsel's performance with respect to the sentence imposed on Count 2, the § 924(c) count, was not constitutionally deficient. Contrary to Mr. Rowell's argument, Count 2 charged him with a violation of § 924(c)(1)(A)(ii). *See* Crim. Dkt. 10 at 2. Additionally, Mr. Rowell admitted that he "pointed a black handgun at the GameStop employee" and that law enforcement officers found a "loaded black Smith & Wesson .40-caliber handgun with an extended magazine that [he] had used to rob the GameStop" during a traffic stop shortly after the incident. Crim. Dkt. 32 at 8-9. Because the indictment charged Mr. Rowell with a violation of § 924(c)(1)(A)(ii) and Mr. Rowell admitted to facts establishing all of the elements of a violation of this subsection, it was not objectively unreasonable for counsel to fail to object to the seven-year mandatory minimum sentence applicable to this offense.

Moreover, the Court notes that Mr. Rowell was repeatedly informed of the seven-year mandatory minimum sentence applicable to Count 2. This sentence was specified in his plea

agreement, Crim. Dkt. 32 at ¶ 1(b)(i), and the Court explained it during Mr. Rowell's change of plea hearing, Crim. Dkt. 50 at 8, 18. Mr. Rowell expressed no confusion or misunderstanding about the term of imprisonment applicable to Count 2. He is not entitled to relief on this basis.

### B. Hobbs Act Robbery as Crime of Violence

Several of Mr. Rowell's allegations of ineffective assistance of counsel center around the application of Hobbs Act robbery as a crime of violence for purposes of § 924(c). Specifically, he contends that counsel should have argued that Hobbs Act robbery is not a crime of violence for purposes of § 924(c), that counsel should have presented a vagueness challenge when Hobbs Act robbery was considered a crime of violence, and that counsel should have advised Mr. Rowell that he could argue that Hobbs Act robbery is not a crime of violence. None of these allegations constitute deficient performance, however, because Hobbs Act robbery is a crime of violence.

Mr. Rowell pleaded guilty to Count 2 which charged him with a violation of 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c)(1)(A) makes it unlawful for a person to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime . . . ." 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause. 18 U.S.C. § 924(c)(3). In *Davis*, 139 S. Ct. at 2336, the Supreme Court held that the residual clause, § 924(c)(3)(B), is "unconstitutionally vague."

It is well settled, however, that Hobbs Act robbery—the offense charged as Count 1 in the indictment and to which Mr. Rowell pleaded guilty—is a crime of violence under the elements

clause of § 924(c)(3). *See United States v. Fisher*, 943 F.3d 809, 815 (7th Cir. 2019) (collecting cases); *see also United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). Thus, the invalidation of the residual clause in *Davis* does not impact Mr. Rowell's conviction under § 924(c) based on Hobbs Act robbery.

Because Hobbs Act robbery still qualifies as a crime of violence under the elements clause of § 924(c)(3)(B), any of the challenges Mr. Rowell contends counsel should have lodged would have been frivolous. Counsel does not render ineffective assistance by failing to make frivolous arguments. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004). Mr. Rowell is not entitled to habeas relief on this basis.

### C. Waiver of Right to Appeal

Lastly, Mr. Rowell contends that counsel provided ineffective assistance by waiving Mr. Rowell's right to appeal without his knowledge. *See* dkt. 1. at 7; dkt. 2 at 11. A defendant's sworn statements during a Rule 11 plea colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). In contrast to his current allegations, Mr. Rowell repeatedly acknowledged that he was waiving his right to appeal.

Mr. Rowell's plea agreement explicitly stated that he waived his right to appeal his conviction and sentence. Crim. Dkt. 32 at ¶ 18. Both in his plea agreement and at the change of plea and sentencing hearing, Mr. Rowell stated that he understood the terms of his plea agreement. *See* Crim. Dkt. 32 at ¶ 23; Crim. Dkt. 50 at 6-7. Additionally, the Court reviewed Mr. Rowell's waiver of his right to appeal, and he affirmed that he understood the right he was waiving. Crim.

9

Dkt. 50 at 19. He also confirmed that his waiver of this right was knowing and voluntary. *Id.* at 21.

Mr. Rowell expressed no confusion or hesitation during the discussions of his waiver of the right to appeal. He has not presented a "compelling reason for the disparity" between his attestations at the plea colloquy and the allegations in his § 2255 motion. *Nunez*, 495 F.3d at 596. Therefore, he is not entitled to relief on this basis.

## IV. Conclusion

For the reasons explained in this Order, Mr. Rowell is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 1:17-cr-00015-JMS-DML-1.** The motion to vacate, Crim. Dkt. [48], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Rowell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/21/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY ROWELL, JR.
15664-028
ATLANTA - USP
ATLANTA U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 150160
ATLANTA, GA 30315

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov